# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE: ASBESTOS LITIGATION: )
)
THEODORE K. KAWASAKI, )
)
Plaintiff, )
)
v. )
) C.A. No. N13C-11-314 ASB
UNION PUMP COMPANY, )
*et al.*, )
)
Defendants. )
)

Decided: January 9, 2017
Updated: April 3, 2017

## ORDER

*Upon Defendant Crane Co.'s*
*Motion for Summary Judgment.* **GRANTED.**

Plaintiff, Theodore Kawaski's (hereinafter "Plaintiff"), claims cannot

survive the summary judgment criteria.[1]

Plaintiff Theodore Kawasaki (hereinafter "Mr. Kawasaki"), claims that he

contracted lung cancer as a result of exposure to asbestos as a mechanic for Brewer

Environmental Industries in Honolulu, Hawaii, and Hilo, Hawaii from 1971 to

1995. Plaintiff relies on his co-workers as product identification witnesses.

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Ct. Dec. 30, 2013); *see also Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

Michael Bringman (hereinafter "Mr. Bringman") testified that Mr. Kawasaki would take out the packing around the valves on pipes. Mr. Bringman testified that he believed the packing and the gaskets contained asbestos. However, Mr. Bringman did not recall the names of the valves or pumps at the facility. Richard W. Nunes, (hereinafter "Mr. Nunes") also worked with Mr. Kawasaki, and testified Mr. Kawasaki removed insulation from valves. He testified that he never saw Mr. Kawasaki do any gasket removal on a valve, but he recalled Mr. Kawasaki being around Crane valves that others were removing and replacing gasket work. Plaintiff also offered deposition testimony from William McLean, a Crane corporate representative. Mr. McLean stated that "in the late 70's [Crane] began to substitute other materials for packing and gaskets where [they] could. And that was carried through the late 80's, by which time Crane ceased using asbestos containing products in the form of gaskets and packing." Mr. McLean also testified that Crane supplied replacement parts such as packing or gaskets. Plaintiff also refers to a 1949 and 1952 Crane Catalog as evidence that Crane supplied asbestos containing insulation and cements to customers.

Plaintiff argues that there is an issue of material fact, and thus summary judgment is inappropriate, regarding whether Defendant had a duty to warn of asbestos exposure because Defendant specified the use of asbestos containing component parts for use on its valves. However, Plaintiff has not presented

evidence that he was exposed to asbestos through Defendant's product. First, Mr. Bringman did not identify a Crane Co. product that Plaintiff worked with. Similarly, there is no evidence in the record beyond speculation that Plaintiff was exposed to asbestos from a product that Defendant manufactured. Mr. Bringman stated that he would come into contact with valves, but did not identify the manufacturer. Mr. Nunes testified that he recalled seeing Mr. Kawaski around Crane valves in which he was doing gasket work but there is no evidence that the gaskets or insulation Mr. Kawasaki used were manufactured by Crane, or the age of the products. Under Hawaii law, "a manufacturer owes a duty to warn regarding its *own product,* not regarding products it did not produce, sell, or control."[2] Further, Plaintiff's product identification witnesses were unable to testify as to whether he worked on an original pump or valve manufactured by Crane. When viewing the record in a light most favorable to Plaintiff, Plaintiff has not established, without undue speculation, that Defendant is responsible for Mr. Kawasaki's asbestos exposure.

Accordingly, Defendant's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**                    */s/ Calvin L. Scott*

**Judge Calvin L. Scott, Jr.**

---

[2] *Acoba v. General Tire, Inc.*, 986 P.2d 288 (Haw. 1999).